IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EDWARD DICKSON, JR., #L8068**                                                                               **PLAINTIFF**

**VERSUS**                                                                 **CAUSE NO.  3:13-cv-169-CWR-FKB**

**CHRISTOPHER EPPS and EMMIT SPARKMAN**                                                       **DEFENDANTS**

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Edward Dickson, Jr., an inmate of the Mississippi Department of Corrections (MDOC) incarcerated at the South Mississippi Correctional Facility, Leakesville, Mississippi, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on March 21, 2013.  Plaintiff's request to proceed *in forma pauperis* was granted by Order [12] entered on April 22, 2013.  The named Defendants are Commissioner Christopher Epps and Warden Emmit Sparkman.  As relief, Plaintiff is requesting monetary damages.  Upon liberal review of the Complaint [1], Amended Complaints [6, 7, 8], attachments to the Complaint and Amended Complaints, Motions [15, 16, 17, 20 & 22] and Response [18, 19, 21], the Court has reached the following conclusions.

**I. Background**

Plaintiff states that on March 28, 2013, he was issued two separate Rule Violation Reports (RVR).  Pl.'s Amd. Compl. [7] p. 1.  After requesting a copy of these RVRs from a case worker, Plaintiff received a copy of the RVRs on April 12, 2013.  *Id*.  According to Plaintiff, the two RVRs dated March 28, 2013, copies which are attached to his Amended Complaint [8], one was assigned number 01304488 and was issued because Plaintiff disobeyed the order of staff, the other RVR was assigned number 01304489 and was issued because Plaintiff refused to adhere to STG rules and regulations.  Plaintiff claims that the RVRs issued on March 28, 2013, were incomplete, Plaintiff

disputes that he refused to sign the RVRs, and Plaintiff did not receive a copy of the RVRs from the delivering employee. Pl.'s Amd. Compl [8] p. 2. In his Motion [22] to Supplement his Complaint in response to this Court's Order [11] entered April 24, 2013, Plaintiff states that according to his inmate file he was found guilty of the two RVRs dated March 28, 2013, and received as punishment the loss of privileges: commissary, telephone and visitation on April 17, 2013, from May 2, 2013, to May 31, 2013, and "some other date."

Plaintiff's Motion [15] to Supplement his Complaint added the claim that on May 7, 2013, he was denied access to the Courts when a legal assistance officer refused to mail Plaintiff's "original complaint and motions" in the order he wanted the package of documents to be mailed. He also added a claim that his food served on May 9, 2013, was unappetizing because the jello was watered down and the cornbread was placed in the jello with the top of the cornbread being crumbled. Mot. [15] p. 2. After talking to the Watch Commander about his food, Plaintiff states that "Officers came around with some light bread, just plain bread." *Id*.

**II. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C.

§ 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). In his Complaint [1] as well as the other pleadings filed, Plaintiff states that his Eighth and Fourteenth Amendment rights have been violated by state actors, the Defendants.

In order to rise to the level of a violation of the Eighth Amendment, the conditions of confinement must be "cruel and unusual" under contemporary standards. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Even though the Constitution "does not mandate comfortable prisons," the Constitution does not permit "the wanton and unnecessary infliction of pain." *Id*. at 347, 349. The United States Court of Appeals for the Fifth Circuit has held that the deprivation of one meal does not rise to a level of a constitutional deprivation. *See Taylor v. Kaylo*, No. 00-31077, 2001 WL 498686, at *2 (5th Cir. Apr. 12, 2001)(citing *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999)); *see also Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999)(affirming the dismissal of a prisoner claim as frivolous where he claimed he missed eight meals over a seven-month period).

A prisoner clearly has a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 US 343, 350 (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). The United States Supreme Court in *Lewis* went on to say that "an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999), *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (holding that "without proving an actual injury, a prisoner cannot prevail on an access-to-

the-courts claim."). Plaintiff is required to demonstrate that as a litigant he has been prejudiced by the denial of access to the courts. *See Eason v. Thaler*, 73 F.3d 1322,1328 (5th Cir. 1996) (citing *Walker v Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (determining that "to make out a claim that his constitutional right of access to the courts has been violated, [the plaintiff] must have demonstrated that his position as a litigant was prejudiced by his denial of access to the courts")). Having reviewed Plaintiff's claims, this Court finds that Plaintiff did not establish that he was prejudiced by the Legal Assistance Officer's refusal to mail his legal papers on May 7, 2013.[1] As such, Plaintiff cannot maintain his claim that he has been denied access to the Courts.

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when he lost his privileges, including visitation, commissary, and telephone privileges on April 17, 2013, from May 2, 2013, to May 31, 2013, and some other date. However, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the classification of Plaintiff in a certain custody level is not an "atypical and significant hardship" of prison life. *See Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002)(finding restrictions

---

[1]The Court finds that most of the attachments to the Motions [15, 16, 17, 18, 19] were originally dated May 7, 2013, but have been changed to May 13, 2013. According to Plaintiff's allegations in his Motion [15], Plaintiff was informed by the Warden that the Warden had directed the Legal Assistant Officer to "come and pick the legal documents up on Monday 5/13/13." This Court further finds that it has considered Plaintiff's Motions with the original date of May 7, 2013.

on commissary and telephone privileges resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges); *Davis v. Carlson,* 837 F.2d 1318, 1319 (5th Cir. 1988)(holding inmate has no constitutional right to conjugal visits). In sum, Plaintiff does not have a constitutionally protected right to any privileges associated with a certain custody level while in prison.

Furthermore, an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable). As such, any claim Plaintiff may have relating to how his grievance or appeal was handled within the prison administrative remedy program are not cognizable.

Finally, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

### III. Conclusion

As explained above, Plaintiff's claim relating to his food tray, the denial to have his pleadings mail on May 7, 2012 and the restriction of his prison privileges does not amount to a constitutional

5

deprivation. Nor does an unfavorable response to a prison grievance or a failure to follow prison policy amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), with prejudice. *See Taylor*, 2001 WL 498686, *2 (affirming district court's dismissal of § 1983 suit as frivolous and finding the appeal as frivolous arising out of Plaintiff's claim that he missed one meal); *Hicks v. Rowe*, No. 11-55785, 2012 WL 5865897, at *1 (C.D. Cal. Nov. 20, 2012)(affirming the dismissal for failure to state a claim of a prisoner's claim that he was denied access to courts because he failed to allege actual injury); *Berry,* 192 F.3d at 508 (finding inmate's § 1983 claim based on denial of visitation privileges properly dismissed as both frivolous and for failure to state a claim); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous); *Lewis*, 54 Fed. App'x 795 (affirming the dismissal as frivolous of inmate's § 1983 claim based on denial of commissary restrictions and loss of telephone privileges).

## IV. Three-strikes provision

Because this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike." See 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 23rd day of July, 2013.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE